UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>GUILD MORTGAGE, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:17-cv-01650-KJD-PAL<br><br>**ORDER**<br><br>(Mot. USM Serve – ECF No. 3;<br>Mot. Status Check – ECF No. 4) |

This matter is before the court on Plaintiff Charles N. Belssner's Motion for U.S. Marshal to Execute Service (ECF No. 3) and Motion for Status Check (ECF No. 4). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Belssner is proceeding in this civil rights action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Federal courts must screen any IFP complaint before allowing the case to move forward, issue summons, and require an answer or responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). If the court determines the complaint states a plausible claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the summons and complaint must be served within 90 days. *See* Fed. R. Civ. P. 4(m). A plaintiff granted IFP status may request a court order directing the U.S. Marshal to serve defendants. *See* Fed. R. Civ. P. 4(c)(3). However, if the court determines the complaint fails to state a claim, the complaint is dismissed without prejudice and the plaintiff is ordinarily given leave to amend with guidance on how to cure the deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

*Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Mr. Belssner has requested authority to proceed IFP. *See* IFP Application (ECF No. 1). The court will address the IFP Application and screen his proposed complaint in the ordinary course, that is, as soon as the court can do so. Cases are ordinarily addressed and screened in the order in which they are filed.

Belssner's Motion for U.S. Marshal ("USM") to Execute Service (ECF No. 3) asks the court for an order directing the USM to serve defendants in this case. The screening order will determine whether Belssner has stated a claim on which relief may be granted against one or more of the defendants he seeks to sue. Summons will not issue, and the court will not order the USM to serve defendants, unless and until the court determines that Belssner's proposed complaint states a claim. Belssner's motion is therefore denied.

Mr. Belssner has also filed a Motion for Status Check (ECF No. 4). Due to the large number of criminal and civil actions pending before the court, the Clerk of the Court is unable to respond in writing to individual inquiries regarding the status of cases. The court will notify you when any action is taken in your case. As long as you keep the court apprised of your current address, you will receive all court filings and decisions that might affect the status of your case. Additionally, if you have not submitted a document required in your case, the court will notify you.

**IT IS ORDERED:**

1. Plaintiff Charles N. Belssner's Motion for U.S. Marshal to Execute Service (ECF No. 3) is **DENIED**. The court will address the IFP Application (ECF No. 1) and screen the proposed complaint in the ordinary course. If the court determines it states a claim on which relief may be granted the court will order service of summons and complaint.
2. Plaintiff's Motion for Status Check (ECF No. 4) is **DENIED**.

Dated this 28th day of March, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE