UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>                      Plaintiff,<br>v.<br><br>GUILD MORTGAGE, et al.,<br><br>                      Defendants. | Case No. 2:17-cv-01650-KJD-PAL<br><br>**ORDER**<br><br>(Mot. Status Check – ECF No. 8;<br>Mot. Summons – ECF No. 9;<br>Mot. Service – ECF No. 10) |

        This matter is before the court on Plaintiff Charles N. Belssner's 2nd Motion for Status Check (ECF No. 8), 2nd Motion/Request for Summons (ECF No. 9), 2nd Motion/Request for Service (ECF No. 10). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

        Mr. Belssner is proceeding in this action *pro se*. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to pay the $400 filing fee may apply to the court for authority to proceed *in forma pauperis* ("IFP"). Federal courts are required to screen all IFP complaints before allowing a case to move forward, issuing summons, and requiring an answer or responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Unless and until the court determines a complaint states a plausible claim for relief, the court will not direct the Clerk of Court to issue summonses to the defendant(s). If the complaint states an actionable claim and summons(es) are issued, then the summons(es) and complaint must be served within 90 days of the court's screening order authorizing service of process. *See* Fed. R. Civ. P. 4(m). Once the court allows service, an IFP plaintiff may request an order directing the U.S. Marshal to serve defendants. *See* Fed. R. Civ. P. 4(c)(3). However, if a complaint fails to state a plausible claim, the court will dismiss the complaint and the plaintiff is ordinarily given leave to amend with guidance on how to cure the deficiencies, unless it is clear from the face of the complaint that the

1

deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In June and November 2017, Mr. Belssner filed motions requesting a status check and service of process by the U.S. Marshal. ECF Nos. 3, 4. The court denied the motions, explaining that the court had yet to determine whether his complaint stated an actionable claim. Order (ECF No. 5). "Summons will not issue, and the court will not order the USM to serve defendants, *unless and until the court determines that Belssner's proposed complaint states a claim.*" *Id.* at 2 (emphasis added). Mr. Belssner was informed of the large number of criminal and civil actions pending before the court and he would be notified if required to submit additional documents. *Id.*

On January 25, 2019, the court entered a Screening Order (ECF No. 6) granting Belssner's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and screening his proposed complaint. The court found that Mr. Belssner failed to state a plausible claim against any defendant and instructed him to file an amended complaint by February 22, 2019, if he believes he can correct the defects in his pleading.

On January 28, 2019, Mr. Belssner filed duplicative requests for status check, summons, and service. ECF Nos. 8, 9, 10.[1] It appears unlikely that he received the court's screening order in the mail prior to filing his requests. As previously explained, the court will not order summonses be issued or service of process on any defendant(s) until the court determines that a complaint states a colorable claim. The court recently dismissed Belssner's proposed complaint and he has until February 22, 2019, to file an amended complaint. If he does so, the court will screen the

---

[1] Mr. Belssner's current motions contain duplicate requests for relief as those denied last year. *See* Order (ECF No. 5). The court cautions Belssner that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). Filing duplicate motions increases the court's workload and generally delays decisions for all pending cases. Mr. Belssner is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

amended complaint. No summonses will be issued unless and until the court determines that Mr. Belssner's amended complaint states a plausible claim against one or more defendants.

Accordingly,

**IT IS ORDERED:** Plaintiff Charles N. Belssner's 2nd Motion for Status Check (ECF No. 8), 2nd Motion/Request for Summons (ECF No. 9), 2nd Motion/Request for Service (ECF No. 10) are **DENIED**.

Dated this 30th day of January, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE