UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>                 Plaintiff,<br>   v.<br>GUILD MORTGAGE, et al.,<br><br>                 Defendants. | Case No. 2:17-cv-01650-KJD-PAL<br><br>ORDER<br><br>(Mot for Investigation – ECF No. 13) |

This matter is before the court on Plaintiff Charles N. Belssner's failure to comply with the court's Order (ECF No. 6). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. Also before the court is Belssner's "Opposition to Amended Complaint" (ECF No. 12) and "Request for Investigation into Disallowance of Plaintiff into Court by Security to Obtain Screening Order Not Available to Other Sources Due to Statement of Wrong Case No. Stated by Other Sources" (ECF No. 13).

Plaintiff is proceeding in this action *pro se*. He submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) and a complaint (ECF No. 7). The court issued a Screening Order (ECF No. 6) on January 25, 2019, granting Plaintiff permission to proceed *in forma pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915(e). The court found that the complaint failed to state a valid claim and allowed him until February 25, 2019, to file an amended complaint. The screening order warned Plaintiff that a failure to file an amended complaint addressing the deficiencies explained in the screening order would result in a recommendation to the district judge that this case be dismissed. To date, Plaintiff has not filed an amended complaint; however, he did file a Motion for Investigation (ECF No. 13).

The Motion for Investigation (ECF No. 13) is a difficult to follow narrative claiming Mr. Belssner did not receive a copy of the screening order, and that it cannot be found on PACER or

1

the world wide web under the case no on which the order is signed, according to the law librarians at the Clark County Law Library and the UNLV Boyd School of Law. He states, [i}t cannot be located." He seems to suggest the screening order was filed in the wrong case. He claims the court "seems to create a false narrative to ideally lay the ground for judicial favoritism by speculating that the current motion is a duplicate request while no other source can provide said document because the Case No appears back over the world internet as wrong." Mr Belssner explains the great lengths to which he has gone to obtain a status of this case and the trials and tribulations he has endured coming to the courthouse trying to secure a copy of the screening order. He states he received help from Self Help Canters drafting his complain and asks for due process in this matter and that the court issue summons and order the Unites States Marshall's Office to serve the summons and complaint.

The court's docket reflects the clerk's office served Mr. Belssner with a copy of the screening order by mail at the address listed in the case caption on January 25, 2019, the day the order was entered. On January 28, 2019 Mr. Belssner filed three motions which the court addressed in an Order (ECF No. 11) which was also served on Mr. Belssner by mail. A copy of that order is attached as Exhibit A to these papers, so it appears Mr. Belssner is receiving his mail at the address at which he has been served with the court's orders. That order (ECF No. 11) reiterated what the court advised plaintiff in an ORDER (ECF No. 5) that unless and until Belssner filed a complaint that stated a claim on which relief could be granted the court would not issue summons or require service of summons and complaint. The order (ECF No. 11) pointed out that Belssner had previously requested issuance of summons and complaint which the court denied because the complaint had not yet been screened. Because his second motion for issuance of summons and complaint asked for the same thing the court warned Belssner that filing duplicate motions seeking the same relief is an abusive litigation tactic that taxes the court's resources and may result in the imposition of sanctions.

As the court has explained, the complaint does not state a claim on which relief may be granted. The screening order provided guidance concerning how Mr. Belssner may attempt to cure the deficiencies of his complaint and dismissed the complaint with leave to file an amended

complaint. He has not done so. Mr. Belssner is simply wrong when he claims the screening order is not available on PACER. It is filed under this case number on the court's publicly available docket and served on Mr. Belssner at the address he provided. It was not returned by the Post Office as undeliverable. Thus, it is difficult to believe Belssner did not receive it. However, the court will give Mr. Belssner one more chance to file an amended complaint. If Mr. Belssner wishes to proceed with this case, he must file an amended complaint which cures the deficiencies noted in the screening order and states a claim on which relief may be granted by this court. As the court has also previously explained in written orders, the court **will not** issue summons or direct service of summons and complaint unless Mr. Belssner file an amended complaint which states a claim against one or more defendants.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Plaintiff's Opposition (ECF No 12) and Motion for Investigation (ECF No. 13) are **DENIED** to the extent that Mr. Belssner again seeks issuance of summons and complaint and/or objects to the requirement to file an amended complaint.
2. Plaintiff shall have an additional 30 days, or until **April 8, 2019** to file an amended complaint if he believes he can correct the deficiencies noted within the Screening Order (ECF No. 6).
3. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.
4. Mr. Belssner must clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on the first page and write 2:17-cv-01650-KJD-PAL as the case number.
5. Mr. Belssner shall file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **April 8, 2019**.
6. Mr. Belssner's failure to comply with this Order by submitting an amended complaint

and certificate of interested parties by the **April 8, 2019** deadline will result in a recommendation to the district judge that this case be dismissed.

7. The Clerk of the Court shall re-send Mr. Belssner a copy of the Screening Order (ECF No. 6).

DATED this 7th day of March 2019.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE